IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JIMISA ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. _____ |
| ) | |
| ALLCONNECT, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, JIMISA ADAMS (hereinafter "Ms. Adams"), Plaintiff in the above-styled matter, and, by and through undersigned counsel, hereby files this lawsuit against AllConnect, Inc. (hereinafter "AllConnect"), showing as follows:

**Jurisdiction and Venue**

1.

Ms. Adams brings this action against AllConnect for its failure to compensate Ms. Adams as agreed upon by the parties and for its violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 ("FLSA"), which authorizes employees to institute civil actions to recover damages for an employer's failure to pay overtime wages as required by the FLSA.

2.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) (FLSA).

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c), in that AllConnect is a registered foreign corporation with its principal place of business located within the Northern District of Georgia, Atlanta Division, and all of the events giving rise to this cause of action occurred within the Northern District of Georgia, Atlanta Division.

**The Parties**

4.

Ms. Adams is a Georgia resident and is a citizen of the United States. At all relevant times, Ms. Adams worked for AllConnect at its office located in the Northern District of Georgia, Atlanta Division.

5.

AllConnect is a Delaware Corporation and a registered Georgia foreign corporation with its principal office located at 4 Concourse Parkway, Suite 410, Atlanta, Georgia 30328-6199.  AllConnect regularly does business in the State of

Georgia and may be served through its registered agent, Bettina Drake, 4 Concourse Parkway, Suite 410, Atlanta, Georgia 30328-6199.

6.

AllConnect is an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

7.

AllConnect is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

At all relevant times, Ms. Adams was an "employee" of AllConnect within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

9.

At all relevant times, Ms. Adams was a non-exempt employee entitled to minimum wages and overtime compensation within the meaning of FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

10.

The overtime provisions set forth in § 207 of the FLSA apply to AllConnect.

**The Facts**

11.

From early August 2012 through July 6, 2013 Ms. Adams was employed by AllConnect.

12.

At all times relevant hereto, AllConnect agreed to pay Ms. Adams at the rate of $11.00 per hour plus commission.

13.

Throughout her employment with AllConnect, Ms. Adams frequently worked in excess of forty (40) hours per week.

14.

At all relevant times, Ms. Adams was a non-exempt employee for purposes of overtime compensation under the FLSA.  As such, AllConnect was obligated to pay Ms. Adams one and one-half times her hourly rate for all hours worked in excess of forty (40) hours per week.

15.

AllConnect failed to properly compensate Ms. Adams for both regular hours and overtime hours worked by Ms. Adams.

16.

AllConnect did not make a good faith effort to comply with the FLSA with respect to its compensation of Ms. Adams.

17.

Before filing this Suit, Ms. Adams tried to resolve these claims with AllConnect. Ms. Adams, through counsel, sent a letter seeking to resolve the matter without litigation. AllConnect acknowledged receipt of the letter, through counsel, but refused to pay Ms. Adams the unpaid compensation due her.

18.

Ms. Adams retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

19.

As a result of the foregoing, Ms. Adams files this suit, seeking earned but unpaid overtime wages, earned but unpaid regular wages, liquidated damages, attorneys' fees and costs, and pre-judgment interest.

**Count I: Violations of FLSA, 29 U.S.C. § 207: Failure to Pay Overtime**

20.

Ms. Adams incorporates Paragraphs 1 through 19 of this Complaint, as if set forth fully herein.

21.

AllConnect is not exempt from application of the FLSA's overtime provisions as they pertain to Ms. Adams, as AllConnect has failed to meet the requirements for exemption pursuant to the FLSA.

22.

By failing to properly pay Ms. Adams for all hours worked in excess of forty (40) hours per week, AllConnect violated the overtime provisions of the FLSA, 29 U.S.C. § 207.

23.

AllConnect is liable to Ms. Adams for compensation for any and all time Ms. Adams worked in excess of forty (40) hours per week at the rate of at least one and one-half times her regularly hourly rate as required by the FLSA.

24.

By failing to properly pay overtime compensation to Ms. Adams in accordance with §§ 203 and 207 of the FLSA, AllConnect willfully, intentionally, knowingly, and/or recklessly violated the FLSA.

25.

As a result of AllConnect's violations of the FLSA, Ms. Adams is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated

damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 216.

## Count II: Breach of Contract

26.

Ms. Adams incorporates Paragraphs 1 through 25 of this Complaint as if set forth fully herein.

27.

AllConnect failed to compensate Ms. Adams for all hours worked as agreed.

28.

AllConnect breached its contract with Ms. Adams by not compensating Ms. Adams for all time worked.

29.

As a result of AllConnect's breach, Ms. Adams is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## Prayer

WHEREFORE, Ms. Adams prays for the following relief:

(a)   That AllConnect be served with process and be required to answer this lawsuit;

(b)   For a trial by a jury;

(c) For a Judgment in favor of Ms. Adams and against AllConnect for overtime pay, other unpaid compensation, pre-judgment interest, and liquidated damages;

(d) For an award of litigation expenses and costs, including attorneys' fees; and

(e) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of May, 2014.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
*Attorney for Plaintiff*

3340 Peachtree Road, NE, Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com